## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| **ADAM ROGERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case:**  CV623-76 |
| | ) | |
| **v.** | ) | **Judge:** |
| | ) | |
| **ADVANCE STORES COMPANY, INC,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

---

## COMPLAINT

**NOW COMES** Plaintiff, Adam Rogers ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Advance Stores Company, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.      Venue of this action properly lies in the Southern District of Georgia, Statesboro Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5.      A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR").  (Attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Adam Rogers, resides in Tattnall County in the State of Georgia.

8.      At all times material to the allegations in this Complaint, Defendant, Advance Stores Company, Inc, is an entity doing business in and for Tattnall and Evans Counties in the State of Georgia whose address is 310 S Veterans Blvd., Glennville, GA 30427.

9.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11.     On or about November 11, 2022, Plaintiff was hired by Defendant as a Customer Representative.

12.     Plaintiff worked for Defendant in this capacity until he was constructively discharged on or about May 27, 2023 on the basis of his sex (male) and in retaliation for opposing sexual harassment and sex-based discrimination.

13.      Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

14.     Plaintiff is male and is a member of a protected class because of his sex.

15.     During his employment for Defendant, Plaintiff met or exceed Defendant's performance expectations in all areas, as he did not receive any negative performance remarks or write-ups.

16.     In or around December 2022, Plaintiff's manager, Melissa Horne, began subjecting Plaintiff to sexual harassment.

17.     While Plaintiff was working alongside her, Ms. Horne forcefully grabbed Plaintiff's hand and placed it on her breast without his consent.

18.     Plaintiff was deeply disturbed by this inappropriate behavior and immediately expressed his discomfort.

19.     Regrettably, Ms. Horne disregarded his objections and a similar incident occurred in or around May 2023, when Ms. Horne again placed Plaintiff's hand on her breast without his consent.

20.     This second, more aggressive sexual assault prompted Plaintiff to report this

sexual harassment to assistant general manager, Derrick Davis.

21.     Unfortunately, no action was taken.

22.     Defendant forced Plaintiff to continue working under Ms. Horne's supervision and control.

23.     Not only was no action taken, but the company also began retaliating against Plaintiff after his complaint was made.

24.     The company drastically reduced Plaintiff's hours following his engagement in protected activity.

25.     Before his complaint, Plaintiff regularly worked thirty to forty hours per week.

26.     After bringing the sexual harassment to the attention of the assistant general manager, his hours were reduced to an average of twelve hours per week.

27.     This led to immense financial stress for Plaintiff, creating a situation so unbearable that no reasonable person would be able to continue working under these conditions.

28.     Therefore, on or about May 27, 2023, Plaintiff was left with no choice but to be constructively discharged.

29.     Other, non-male employees did not experience the same treatment as Plaintiff and were not constructively terminated for similar reasons.

30.     This egregious retaliation has caused Plaintiff lost wages and severe emotional distress.

31.     Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to the assistant general manager as well as his harasser about the sexual harassment.

4

32.     Further, there is employer liability for the sex-based discrimination and sexual harassment, as the harassment was committed by one of Defendant's managers who had supervisory control over Plaintiff.

**COUNT I**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

33.     Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

34.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

35.     Defendant knew or should have known of the harassment.

36.     The sexual harassment was severe or pervasive.

37.     The sexual harassment was offensive subjectively and objectively.

38.     The sexual harassment was unwelcomed.

39.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, male.

40.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

41.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

42.     Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

43.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, male, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

44.     Plaintiff met or exceeded performance expectations throughout the duration of his employment with Defendant, as he never received write-ups or negative performance remarks.

45.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

46.     Defendant retaliated against Plaintiff and subjected Plaintiff to different terms of employment on the basis of Plaintiff's sex.

47.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

48.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

50.     Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

51.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

52.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant, about sexual harassment and sex-based discrimination that he was continuously

subjected to.

53.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

54.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

55.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

56.     Plaintiff suffered adverse employment actions in retaliation for engaging in protected activity, including but not limited to reduction of hours and constructive termination.

57.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

58.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

7

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Pre-judgment and post-judgment interest;

f.      Injunctive relief;

g.      Liquidated damages;

h.      Punitive damages;

i.      Reasonable attorney's fees and costs; and

j.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 21st day of December, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
*Pro Hac Vice to be Submitted*
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Charles Herman*
**Charles Herman**
Georgia Bar No. 142852
**Charles Herman Law, LLC**
2 East Bryan Street, 4th Floor
Savannah, Georgia 31401
Phone: (912) 244-3999
Fax: (912) 257-7301
Charles@CharlesHermanLaw.com
*Attorney for Plaintiff*